UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NORA A. KOZNAREK, | ) | |
| | ) | |
| Plaintiff, | ) | 14 C 7515 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| FEDERAL DEPOSIT INSURANCE CORPORATION, | ) | |
| as Receiver for DuPage National Bank, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Pursuant to the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), when the Federal Deposit Insurance Corporation ("FDIC") is appointed as the receiver for a failed bank, the FDIC must "promptly publish a notice to the depository institution's creditors to present their claims, together with proof, to the receiver by … not less than 90 days after the publication of such notice." 12 U.S.C. § 1821(d)(3)(B)(i). After such a claim is filed, the FDIC has 180 days to decide whether to allow or disallow the claim, and it may "disallow any portion of any claim … which is not proved to [its] satisfaction." *Id.* § 1821(d)(5)(A)(i), (d)(5)(D)(i). FIRREA "explicitly forbids judicial review of [FDIC] disallowances made pursuant to § 1821(d)(5)(D)." *Helm v. Resolution Trust Corp.*, 43 F.3d 1163, 1165 (7th Cir. 1995) ("*Helm I*") (citing 12 U.S.C. § 1821(d)(5)(E), (d)(13)(D)).*

---

* Several decisions cited in this opinion involve the Resolution Trust Corporation ("RTC"), a receiver agency that was "subject to the same provisions of FIRREA as the FDIC, with some exceptions" not relevant here. *Nat'l Union Fire Ins. Co. of Pittsburgh v. City Sav., F.S.B.*, 28 F.3d 376, 383 n.5 (3rd Cir. 1994); *see also In re Lewis*, 398 F.3d 735, 741 n.4 (6th Cir. 2005) ("It is appropriate … to refer to cases involving the RTC when considering the reach of § 1821 with respect to a bank under receivership of the FDIC."). The Seventh Circuit routinely cites RTC-FIRREA decisions in FDIC-FIRREA cases without distinguishing between the two agencies. *See*, *e.g.*, *Miller v. FDIC*, 738 F.3d 836, 841 (7th Cir. 2013); *Veluchamy v. FDIC*, 706 F.3d 810, 817 (7th Cir. 2013).

1

However, FIRREA gives a dissatisfied claimant two options to challenge a disallowance, either of which much be exercised within 60 days of the FDIC's notice of disallowance. 12 U.S.C. § 1821(d)(6)(B).

First, the claimant may request additional administrative review by the FDIC of the disallowance. *Id*. § 1821(d)(6)-(7). If the FDIC agrees to conduct such review, its final determination is then subject to judicial review under the Administrative Procedure Act ("APA"). *Id*. § 1821(d)(7)(A); *see Miller v. FDIC*, 738 F.3d 836, 841 (7th Cir. 2013) ("One option is to request further administrative review of the claim. A claimant who follows this route may, if unsuccessful or only partially successful, seek judicial review after the extra round of administrative process is complete. This form of judicial review proceeds under the Administrative Procedure Act.") (citations omitted). Second, the claimant may "file suit on such claim" in federal district court, which decides the underlying claim *de novo*. 12 U.S.C. § 1821(d)(6)(A); *see Miller*, 738 F.3d at 841 ("An unsuccessful claimant's other option is to forego additional administrative review and proceed directly to federal court. If the claimant follows this route, the court conducts a de novo review of the merits of the claim.") (citation omitted). This second option is known as filing a "FIRREA claim." *Veluchamy v. FDIC*, 706 F.3d 810, 817 (7th Cir. 2013).

Nora Koznarek filed this suit against the FDIC in its capacity as receiver for DuPage National Bank. Doc. 1. Her claim arises from a slip-and-fall incident that allegedly occurred at the bank's branch in Hinsdale, Illinois. *Id*. at ¶¶ 6-12. Count I, titled "Allowance of Claim," discusses the FDIC's proof-of-claim process and asks the court for "[a]llowance of Plaintiff Koznarek's personal injury claim as a valid claim … against the FDIC." Doc. 1 at ¶¶ 13-20. As Koznarek describes it, Count I "seeks … judicial review of the [FDIC's] disallowance of her

personal injury claim." Doc. 15 at 1. Count II, titled "Negligence," alleges that the FDIC, as receiver, is liable for DuPage National Bank's negligent failure to maintain safe premises and seeks damages for the injuries that Koznarek allegedly suffered from her fall. Doc. 1 at ¶¶ 21-25. As Koznarek describes it, Count II "seeks … relief for [Koznarek's] underlying personal injury claim against the FDIC as Receiver for DuPage National Bank." Doc. 15 at 1.

The parties' have filed cross-motions for summary judgment; Koznarek seeks summary judgment on Count I, while the FDIC seeks summary judgment on both counts. Docs. 11, 15. (At a recent hearing, FDIC suggested that it seeks summary judgment only on Count I, but its briefs argue for summary judgment on both counts. Doc. 13 at 6 ("For all of those foregoing reasons, FDIC properly disallowed the Claim. In a *de novo* adjudication, the Court has the ability to look at the evidence afresh and reach its own determination. FDIC urges the Court to reach the same conclusion, namely, that Plaintiff failed to substantiate her Claim. Therefore, FDIC urges the Court to disallow the Claim."); Doc. 26 at 4 ("In a *de novo* review, the Court could review the undisputed material facts in this case, apply the provisions of FIRREA, and reach the same conclusion as FDIC did. … FDIC urges the Court to do exactly that.").) For the following reasons, Count I is dismissed for lack of jurisdiction, and the FDIC's motion for summary judgment on Count II is denied.

## Background

The court ordinarily draws the facts in a summary judgment opinion from the parties' Local Rule 56.1 statements and responses. Koznarek and the FDIC each filed a Local Rule 56.1(a)(3) statement, Docs. 12, 17, but neither filed a Local Rule 56.1(b)(3)(C) response to the other's statement. Both parties have thus functionally admitted all of the opposing party's proposed facts. *See Keeton v. Morningstar, Inc.*, 667 F.3d 877, 884 (7th Cir. 2012) ("because

Keeton failed to timely respond to Morningstar's Local Rule 56.1 statement of uncontested facts, we deem those facts admitted to the extent that Morningstar's statement is supported by evidence in the record"). The following facts—pieced together from the complaint, the answer, the Local Rule 56.1(a)(3) statements, and the exhibits to Koznarek's summary judgment motion—appear to be undisputed and provide the relevant background.

On June 20, 2012, Koznarek fell in a parking area near a branch office of DuPage National Bank in Hinsdale, Illinois. Doc. 17 at ¶ 6. On February 21, 2014, she filed suit in state court against the bank and two other entities, alleging that they were negligent in maintaining the premises. Doc. 1-3 at 3-11. Days later, Koznarek received a letter from the FDIC, which explained that the Office of the Comptroller of the Currency had closed DuPage National Bank and appointed the FDIC as receiver, and which instructed her to assert her negligence claim against the FDIC by filing a proof of claim before April 23, 2014. Doc. 18-2 at 28-31; *see Samuels v. Acme Market*, 845 F. Supp. 292, 294 (E.D. Pa. 1994) ("Although the language of the claims procedure provisions is targeted to claims of creditors, it also includes tort claims."); *accord*, *e.g.*, *Lewis v. FDIC*, 2012 WL 3670647, at *1 (M.D. Ala. Aug. 27, 2012); *FDIC v. diStefano*, 839 F. Supp. 110, 116 (D.R.I. 1993); *Coleman v. FDIC*, 826 F. Supp. 31, 32 (D. Mass. 1993); *Decrosta v. Red Carpet Inns Int'l, Inc.*, 767 F. Supp. 694, 696 (E.D. Pa. 1991). Koznarek timely filed a proof of claim with the FDIC on April 22, 2014. Doc. 18-3 at 2-13.

On June 9, 2014, the FDIC wrote to Koznarek requesting additional information. *Id*. at 15. Its letter stated that any additional information "must be received not later than July 09, 2014 so that the review may be concluded in a timely manner." *Ibid*. Koznarek did not send the information until July 14. *Id*. at 17. On July 29, the FDIC sent her a notice of disallowance of claim, which explained: "The supporting documentation was not submitted in a timely matter as

4

previously requested. Therefore, the claim is not proven to the satisfaction of the Receiver." *Id*. at 20-21.

Koznarek did not ask the FDIC to conduct an administrative review of the disallowance. This almost certainly is because the notice of disallowance stated: "While section 1821(d)(7)(A) of Title 12 … provides that you may request an administrative review of the disallowance of your claim in lieu of filing or continuing any lawsuit, the FDIC must agree to your request for such a review. The FDIC will not agree to any request for an administrative review of your disallowed claim." *Id*. at 20. On September 26, 2014, Koznarek timely filed this suit. Doc. 1. The complaint makes no reference to the APA.

## Discussion

As noted above, Count I of the complaint, titled "Allowance of Claim," discusses the proof-of-claim process and asks the court for "allowance of Plaintiff Koznarek's personal injury claim as a valid claim … against the FDIC." Doc. 1 at ¶¶ 13-20. Where a claimant does not first seek administrative review with the FDIC, however, the suit is "not for review of the … disallowance but for relief on the underlying claim." *Helm v. Resolution Trust Corp.*, 84 F.3d 874, 876 (7th Cir. 1996) ("*Helm II*"). That is because a court faced with such a claim—which, as noted, is called a FIRREA claim—must "ignore the … disallowance of the claim and perform a *de novo* examination of the merits of the underlying claim." *Ibid.*; *see also Miller*, 738 F.3d at 839 n.2 (same); *Veluchamy*, 706 F.3d at 817 (same); *Sharpe v. FDIC*, 126 F.3d 1147, 1151-52 & n.1 (9th Cir. 1997) (same); *Brady Dev. Co. v. Resolution Trust Corp.*, 14 F.3d 998, 1003 (4th Cir. 1994) ("If judicial relief is chosen, review is by a *de novo* determination of the claim, not a review of the administrative disallowance of the claim."); *Office & Prof'l Emps. Int'l Union, Local 2 v. FDIC*, 962 F.2d 63, 65 (D.C. Cir. 1992) ("Congress instructed district courts to

'determine' claims against failed banks *de novo*, rather than merely to review, for error or abuse, FDIC's initial decisions."); *Rosa v. Resolution Trust Corp.*, 938 F.2d 383, 391-92 (3d Cir. 1991) ("Subsection (d) of § 1821 provides for *de novo* district court jurisdiction … after the filing … and the initial processing of [a] claim … pursuant to § 1821(d)(5) and (6)(A)."). Put another way, a plaintiff who files suit without first seeking administrative review from the FDIC "avoid[s] further dealing with the" FDIC and "return[s] to square one." *Helm I*, 43 F.3d at 1165.

Despite all this, the parties devote almost all of their briefs and Local Rule 56.1(a)(3) statements to attacking or defending the FDIC's grounds for disallowing Koznarek's claim. In this vein, Koznarek contends that "this Court should respectfully find that the FDIC's premature disallowance of the claim was improper as a matter of law," Doc. 22 at 9, while the FDIC responds that it "has presented five (5) separate and specific bases upon which it may properly rest its decision to disallow Plaintiff's claim," Doc. 23 at 7. Such arguments, while perhaps relevant to an APA action that follows administrative review by the FDIC of a disallowance, are totally irrelevant to a *de novo* FIRREA claim.

FIRREA strips the court of jurisdiction over "any claim relating to any act or omission" of a depository institution or the FDIC "[e]xcept as otherwise provided in this subsection," 12 U.S.C. § 1821(d)(13)(D), and, as noted, gives the dissatisfied claimant only two options after a disallowance: seek further administrative review (which Koznarek did not do) and then judicial review, or file a *de novo* claim in federal court. Count I does not comport with either option. Instead it "ask[s] for something FIRREA explicitly prohibits: judicial review of the disallowance … without an initial review" by the FDIC of the disallowance. *Helm I*, 43 F.3d at 1165. Accordingly, Count I must be dismissed for lack of jurisdiction.

6

At a recent status hearing, the parties urged that jurisdiction over Count I was nonetheless proper because the FDIC's notice of disallowance—in the language quoted at the end of this opinion's Background section—made clear that the FDIC would not agree to any request for administrative review. This sort of preemptive refusal by the FDIC to even engage in administrative review appears to be par for the course. *See* Barry S. Zisman, *Banks & Thrifts: Government Enforcement & Receivership* § 23.07 (2015) ("Although the statute provides for administrative review of a disallowed claim, … the writers are aware of no instance in which the agency has agreed to such administrative review."). While the FDIC's refusal to engage in the administrative review process renders the first option for challenging a disallowance a dead letter, the FDIC's policy does not somehow confer jurisdiction on the court to review a disallowance of claim other than as specified in 12 U.S.C. § 1821(d).

Despite recognizing that judicial review pursuant to 12 U.S.C. § 1821(d)(7)(a) "apparently never occurs" because the receiver agency "never grants requests for administrative review of its disallowances, and … apparently is not required to do so," *Helm I*, 43 F.3d at 1165 n.1, the Seventh Circuit has stressed that administrative review remains a prerequisite to such judicial review:

> [I]f the RTC has itself reviewed a disallowance and again denied a claim, the federal courts may then review the disallowance. The claimant *must* request internal RTC review, and if the RTC agrees to the request, it will hold a hearing and make a determination. *Only* if that point is reached, and the complainant is still dissatisfied with the result, may the claimant then file suit … asking for judicial review of the RTC's disallowance.

*Id.* at 1165 (citations omitted and emphasis added). Absent further administrative review by the FDIC, therefore, a claimant's only option is to file a *de novo* FIRREA claim in federal court. As one commentator has explained:

> There have been no known cases in which the agency has consented to agency review of the receiver's determination. In fact, some notices of disallowance

7

> expressly state that agency review is not available. Thus, the sole avenue of
> review of a disallowance of a claim is a de novo judicial determination of the
> claim within the statutory 60-day period. Only the validity of the claim, not
> the receiver's decision, is before the court.

Zisman, *supra*, § 23.06[5]. Because Count I asks the court to engage in judicial review of the FDIC's disallowance even though no further administrative review has taken place, it must be dismissed for lack of jurisdiction.

That leaves Count II, which, as noted, is titled "Negligence" and alleges that the FDIC, as receiver, is liable for DuPage National Bank's failure to maintain safe premises and seeks damages for the injuries Koznarek suffered from her fall. Doc. 1 at ¶¶ 21-25. Now *that* is a proper FIRREA claim, over which the court has jurisdiction. The FDIC's summary judgment motion does not demonstrate its entitlement to summary judgment on Count II.

The only specific argument the FDIC makes that conceivably pertains to Count II appears in its amended opening brief, which suggests that Koznarek might not have fallen on the bank's property. Doc. 20 at 5. To support this proposition, the FDIC cites directly to the record rather than to its Local Rule 56.1(a)(3) statement, which is procedurally improper. *See FirstMerit Bank, N.A. v. 2200 N. Ashland, LLC*, 2014 WL 6065817, at *4 (N.D. Ill. Nov. 13, 2014) ("Courts in this district … repeatedly have held that, in memoranda of law filed in support of, or in opposition to, motions for summary judgment, parties should cite to the specific Local Rule 56.1 statement or statements of fact in support of their arguments, not to the record directly."); *Thorncreek Apartments III, LLC v. Vill. of Park Forest*, 970 F. Supp. 2d 828, 838-39 (N.D. Ill. 2013) (same); *Malec v. Sanford*, 191 F.R.D. 581, 586 (N.D. Ill. 2000) (same). In fact, the court previously instructed the parties to re-file their briefs to comply with this requirement. Doc. 19.

In any event, immediately after suggesting that the location of Koznarek's fall is uncertain, the FDIC states that it "*does not deny* that the occurrence may have occurred on

[DuPage National Bank's] Property. Rather, FDIC asserts that Plaintiff has not established that fact to the satisfaction of FDIC." Doc. 20 at 6 n.4 (emphasis added). As just discussed, the grounds for the FDIC's determination are entirely irrelevant to a FIRREA claim. It follows that the FDIC's argument cannot possibly be the basis for summary judgment on Count II.

Compare this case with *Lewis v. FDIC*, *supra*, which also involved a slip-and-fall FIRREA claim. The plaintiff there alleged that the FDIC, as receiver for Colonial Bank, was liable because a real estate agent hired by the bank negligently allowed water to pool on a staircase, causing the plaintiff to fall during an open house. 2012 WL 3670647, at *1. The district court examined the record materials presented by the parties and concluded that the plaintiff "offered no evidence tending to show that [the agent] breached his duty to exercise reasonable care in preparing and maintaining the property during the open house." *Id*. at *3. Here, by contrast, the FDIC does not even present straightforward facts about Koznarek's accident, let alone show that there is no genuine dispute of material fact regarding DuPage National Bank's exercise of care such that judgment is appropriate as a matter of law. Insofar as it pertains to Count II, therefore, the FDIC's motion for summary judgment is denied.

Incidentally, there is the matter of Koznarek's state court case. Koznarek asks this court not only to allow her claim under Count I, but to "remand" Count II to state court. Doc. 15-1 at 11 ("Plaintiff respectfully requests summary judgment … as to Count I … [and] remand[ing] Count II to the pending action in DuPage County Circuit Court"); Doc. 24 at 7 (same); Doc. 27 at 9 (same). Although FIRREA contains provisions that could apply to already-filed state court cases, *e.g.*, 12 U.S.C. § 1821(d)(8)(E), (12)(A), Koznarek does not point to any provision that would authorize a "remand" of a case like this one that was filed directly in federal court. Accordingly, Koznarek's request to remand this case to state court is denied.

**Conclusion**

For the foregoing reasons, Count I is dismissed for lack of jurisdiction, Koznarek's motion for summary judgment on Count I is denied as moot (because the court lacks jurisdiction over the claim), and the FDIC's motion for summary judgment is denied as moot as to Count I (ditto) and denied on the merits as to Count II.

July 21, 2015

United States District Judge